**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| KHUSEI DZHANIBEKOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03542-MBB |
| | ) | |
| JASON JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Khusei Dzhanibekov petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2); (**Doc. 6**, p. 2). He asks the Court to order the Government to provide a bond hearing or immediately release him. (**Doc. 1**, p. 17). Because Petitioner's detention does not violate his right to procedural due process, the petition is DENIED.

**Background**

Petitioner, a citizen of Russia, entered the United States in 2022. (**Doc. 1-2**, p. 1). The Department of Homeland Security ("DHS") allegedly arrested him and paroled him into the country. (**Doc. 6**, p. 1). Petitioner received employment authorization and worked as a commercial truck driver. (**Doc. 6-1**); (**Doc. 6-2**); (**Doc. 6-3**). On January 15, 2025, DHS initiated removal proceedings. (**Doc. 1-2**, p. 1). On August 27, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (**Doc. 1**, p. 5). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.*** at p. 6); (**Doc. 1-3**); (**Doc. 5**, p. 1).

On August 31, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his constitutional right to due process when

it revoked his conditional parole. (**Doc. 6**, p. 4). And he argues that his continued detention without bond violates the Fifth Amendment. (**Doc. 1**, p. 12).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate his right to procedural due process.

### I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner urges the Court to evaluate his due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. *See* ***Mathews v. Eldridge***, 424 U.S. 319 (1976). But the Court does not apply the *Mathews* balancing test when considering mandatory detention of removable aliens. *See* ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024) (noting that the Supreme Court has "already done whatever balancing is necessary"). Petitioner cites district court cases relying on *Mathews* to resolve immigration detention matters like his. But "[a] decision of a federal district court judge is not binding

precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011).

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee***, 115 F.4th at 932. *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 933, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner argues that his re-detention without bond and his continuing mandatory detention violate his right to procedural due process. But the legislative scheme gives the Government broad discretion to revoke parole and detain and alien. *See* **8 U.S.C. § 1226(b)** (granting DHS authority to rescind conditional parole "at any time"). *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And the Government may detain Petitioner without bond under Section 1225(b)(2)(A) because he is an "applicant for admission," "seeking admission," who is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila v. Bondi***, 170 F.4th 1128, 1133-34 (8th Cir. 2026). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A)

requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

**Conclusion**

Neither Petitioner's re-detention nor his continued detention without bond violate his right to due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2026